WILLIAM F. COLLINS AND WIFE, LEONE COLLINS, PLAINTIFFS v.
W. T. COMBS, JR., TRUSTEE, AND VIRGINIA-CAROLINA BUILD-
ERS, INC., DEFENDANTS, AND NORTH CAROLINA NATIONAL
BANK, N.A., INTERVENOR

No. 7417SC849

(Filed 15 January 1975)

**Cancellation and Rescission of Instruments § 12; Judgments § 48— judg-
ment permitting lien of deed of trust and lien of judgment — no support
in pleadings and evidence**

In an action to have a deed of trust declared null and void wherein
defendant builder prayed for judgment against plaintiffs for the
contract price of a house it constructed on plaintiffs' land, the trial
court erred in the submission of issues and entry of judgment per-
mitting recovery by defendant builder for the contract price of the
house while also permitting the deed of trust, which had been assigned
to intervenor bank, to remain a valid lien on the property.

APPEAL by plaintiffs from *Rousseau, Judge,* 15 April 1974
Session of Superior Court held in ROCKINGHAM County. Argued
in the Court of Appeals 20 November 1974.

Plaintiffs filed a complaint alleging in substance that de-
fendant Combs, as trustee, had published a notice of foreclosure
of a deed of trust given to secure a note payable to defendant
Builders, Inc., in the sum of $15,500.00. Plaintiffs further al-
leged that they did not execute the deed of trust and were not
indebted to defendant Builders, Inc., in any sum. In their prayer
for relief plaintiffs sought to have the deed of trust declared
null and void and sought a permanent injunction against fore-
closure.

Upon the *ex parte* application of plaintiffs a temporary
restraining order was issued.

Defendant Builders, Inc., answered, alleging in substance
that under contract with plaintiffs, defendant Builders, Inc.,
constructed a residence upon plaintiffs' land for the sum of
$15,500.00 and a carport for $400.00. Defendants prayed for
judgment against plaintiffs in the sum of $15,900.00.

Plaintiffs filed an amended complaint alleging in substance
that plaintiffs and defendants negotiated for the construction of
a residence and carport on their property for the sum of
$10,400.00; that defendants commenced the construction in an
unworkmanlike manner, and plaintiffs ordered them to cease;

that defendants constructed the residence and carport over plaintiffs' objections; that plaintiffs lived in the residence a short while but moved out because of faulty construction; and that defendants had trespassed upon plaintiffs' property, causing damages. The prayer for relief in the amended complaint sought a permanent injunction against foreclosure, a declaration that the deed of trust was null and void, and $10,000.00 damages for trespass.

Defendants answered the amended complaint, alleging in substance a contract for the construction of plaintiffs' residence and carport for $15,900.00 and praying for judgment for the sum of $15,900.00.

North Carolina National Bank was permitted to intervene as party defendant. It alleged that it was a holder in due course of a note for $15,500.00 executed by plaintiffs payable to defendant Builders, Inc., and a holder in due course of a deed of trust executed by plaintiffs to secure payment of the said $15,500.00 note.

With the pleadings in this posture the case went to trial.

Plaintiffs' evidence tended to show that they were dissatisfied with the manner in which defendant Builders, Inc., constructed the residence; that the residence was not constructed in a workmanlike manner; that they did not execute the note and deed of trust to Builders, Inc.; and that they want the residence removed from their land.

Defendant Builders, Inc., offered evidence which tended to show that the residence was built according to plans and specifications and was approved by a Federal Housing Administration Inspector, and that plaintiffs duly executed the note and deed of trust for $15,500.00 and a contract for the carport for $400.00.

Intervenor North Carolina National Bank offered evidence which tended to show that plaintiffs' note and deed of trust were endorsed and assigned to it by defendant Builders, Inc.

From an adverse judgment plaintiffs appealed.

*Karl N. Hill, Jr., for plaintiffs.*

*W. T. Combs, Jr., for defendant Virginia-Carolina Builders, Inc.*

*Harrington & Stultz, for intervenor North Carolina National Bank.*

BROCK, Chief Judge.

The issues submitted to the jury do not dispose of the crucial issue of which defendant is entitled to recover from the plaintiffs upon the $15,500.00 note. It would seem that this note, secured by the deed of trust, either was given in payment of the contract price of the residence (excepting the separate $400.00 contract for the carport) or was not supported by consideration. Yet the issues submitted and the judgment .entered thereon permit the deed of trust, which secures the $15,500.00 note, to remain a valid lien on plaintiffs' property and, at the same time, give judgment against plaintiffs for $15,900.00. The note and deed of trust are held by the intervenor, North Carolina National Bank, and the judgment is in favor of Virginia-Carolina Builders, Inc. Under the judgment entered, the lien of the deed of trust is in addition to the lien of the judgment. They total $31,400.00. Two liens are not supported by any view of the pleadings or evidence, and there is no provision .for the payment of one to constitute satisfaction of the other. Also, the jury's answer to the fifth issue awarding $15,900.00 to defendant Builders, Inc., "providing the house is brought up to specifications," is impossible of enforcement and should not have been accepted.

For these reasons, among others, the judgment must be vacated, the verdict set aside, and a new trial ordered.

New trial.

Judges HEDRICK and MARTIN concur.